UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                 )<br>)<br>JESSICA M. TEIXEIRA,                    )<br>)<br>Defendant                             )<br>)<br>)<br>)<br>) | No. 1:18-cr-172-01-SM<br><br>Securities Fraud<br>   (15 U.S.C. §§ 78j(b) & 78ff<br> 17 C.F.R. § 240.10b-5)         ;<br>(Count 1)<br><br>Money Laundering<br> (18 U.S.C. § 1957)<br>(Count 2) |

INDICTMENT

THE GRAND JURY CHARGES THAT:

COUNT 1

[15 U.S.C. §§ 78j(b) & 78ff and 17 C.F.R. § 240.10b-5 – Securities Fraud]

Introduction

At all times relevant to this Indictment:

1.      The defendant, JESSICA M. TEIXEIRA, resided in Shrewsbury, Massachusetts. The defendant claimed to own and operate a business known as Ms. Goldilox, at www.msgoldilox.com, which offered concierge services to families.

2.      Investor 1 resided in Merrimack, New Hampshire, and owned and operated youth sports businesses based in New Hampshire.

3.      Investor 2 resided in New Boston, New Hampshire, and held a wide range of business and investment interests.

4. Between approximately December 2015 and November 2017, the defendant willfully executed a scheme to defraud Investor 1 and Investor 2 by selling them a series of securities, including investment contracts and notes, which were supposedly guaranteed and would generate high rates of return. In connection with the sales of securities, the defendant represented herself as a solicitor of high-yield investment funds with connections to investment groups raising funds associated with domestic and foreign real estate developments, who solicited financing through private investors, rather than financial institutions. In truth and in fact, as the defendant well knew, the defendant's claims to be connected to high-level investment groups were false, the investment contracts and notes she sold were worthless and would and did generate no returns, and the defendant would and did simply convert the invested funds to her own personal use and benefit, without returning any of the invested funds.

5. In addition, as some of the investments by Investor 1 matured, the defendant fraudulently convinced Investor 1 to forego repayment and "re-invest" in supposed new, better investments promising a massive rate of return. In truth and in fact, as the defendant well knew, the "re-investment" opportunities she sold were worthless and would and did generate no returns, and the defendant would and did simply convert the invested funds to her own personal use and benefit, without returning any funds.

6. During the course of the scheme, the total amount that the defendant fraudulently obtained from Investor 1 and Investor 2 was about $296,250.

The Offense

7.      In and around February 2016, in the District of New Hampshire and elsewhere, the defendant, JESSICA M. TEIXEIRA, by use of means and instrumentalities of interstate commerce, including interstate text messages and interstate highways, did willfully and with intent to defraud, in connection with the purchase and sale of a security, in contravention of Rule 10b-5 (17 C.F.R. § 240.10b-5) of the Rules and Regulations promulgated by the United States Securities and Exchange Commission, omit to state material facts which rendered her statements about the security misleading.  In particular, the defendant induced Investor 1 to invest $40,000, via a personal check dated February 20, 2016, with the promise of a single repayment of principal plus 10% interest by June 27, 2017.  The defendant did not disclose that she would not and did not invest Investor 1's funds as indicated, and that instead she would and did convert and use his money for her personal benefit.

(All in violation of Title 15 U.S.C. §§ 78j(b) & 78ff and 17 C.F.R. § 240.10b-5.)

COUNT 2

[18 U.S.C. § 1957 – Money Laundering]

8.      On or about February 25, 2016, in the Districts of New Hampshire and Massachusetts, the defendant, JESSICA M. TEIXEIRA, having participated in the transfer of the proceeds of specified unlawful activity from the District of New Hampshire to the District of Massachusetts, did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, namely, Securities Fraud as alleged in Count 1 of this Indictment (which is incorporated here by reference), in that, at Citizen's Bank in Shrewsbury, Massachusetts, the defendant used a portion

of Investor 1's funds to purchase a bank check payable to the defendant in the amount of $20,000.

(All in violation of Title 18, United States Code, Section 1957.)

A TRUE BILL

/s/ Grand Jury Foreperson
Grand Jury Foreperson


SCOTT W. MURRAY
United States Attorney


/s/ John S. Davis
John S. Davis
Assistant United States Attorney


/s/ Anna Dronzek
Anna Dronzek
Assistant United States Attorney


Date: October 31, 2018