Acknowledgment and Waiver of Rights



# UNITED STATES DISTRICT COURT
# District of New Hampshire

2019 MAR 11  P 2:51

UNITED STATES OF AMERICA

v.

JESSICA TEIXEIRA

Defendant

**ACKNOWLEDGMENT AND WAIVER OF RIGHTS**

Case Number: 1:18-cr-172-SM

I, __Jessica Teixeira__, hereinafter the defendant, do hereby freely and voluntarily make the following statements that I understand shall apply to each and every offense to which I intend to plead GUILTY.

I understand that I am under no obligation to plead GUILTY, and that even after signing this form I am still under no obligation to plead GUILTY. I understand that I do not have a negotiated plea agreement with the government and that the Judge can impose any sentence authorized by law for the offense to which I am pleading GUILTY.

I have discussed the present plea of GUILTY with my attorney, __Jeffrey S. Levin, AFPD__, Esquire, who has explained the nature and elements of the offense(s) to me, which I fully understand. The offense(s) to which I am pleading GUILTY, the statutory reference, the elements of the offense(s), (all of which the government would have to prove beyond a reasonable doubt), and the possible penalties for the offense(s), are as follows:

1. **Statute and the Elements of the Offense.**

    The defendant is pleading guilty to the following statutes. The defendant acknowledges, understands and agrees that if this case proceeded to trial, the United States would be required to prove the following elements beyond a reasonable doubt:

    [Title and Text of Offense and Statutory Citation]

I. Title of Offense Charged/Statutory Citation: Wire Fraud, 18 U.S.C. sec. 1343

Elements of the Offense Charged: See attached

II. Title of Offense Charged/Statutory Citation: Money Laundering, 18 U.S.C. sec. 1957

Elements of the Offense Charged: See attached

USDCNH-88 (11-16)

Page 1

Acknowledgment and Waiver of Rights

III. Title of Offense Charged/Statutory Citation: n/a

Elements of the Offense Charged: n/a

\*Please provide the above requested information on a separate attachment if the defendant is pleading to more than 3 offenses.

2. **Penalties**.

   The defendant also acknowledges, understands and agrees that the maximum penalties for the offense(s) are:

   A. A maximum prison term of __∧__ years and a mandatory minimum sentence of __0__ years; [20 years on Count 1, 10 years on Count 2]

   B. A maximum fine of $ __250,000.00__ (18 U.S.C. §3571) and an additional fine to pay the costs of any imprisonment, probation or supervised release ordered (U.S.S.G. § 5E1.1(l));

   C. A mandatory special assessment of $100.00 [for each count of conviction] which the defendant agrees to pay at or before the time of sentencing; and

   D. A term of supervised release of not more than __three years__ years. The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release (18 U.S.C. §3583).

   E. The defendant also acknowledges, understands and agrees that, in addition to the other penalties provided by law, the Court may order the defendant to pay restitution to the victim of the offense, pursuant to 18 U.S.C. §3663.

3. **Waiver of Trial Rights and Consequences of Plea**.

   The defendant acknowledges, understands and agrees that he/she has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant.

   The defendant also acknowledges, understands and agrees that he/she has the right:

   A. to plead not guilty or to maintain that plea if it has already been made;

   B. to be tried by a jury and, at that trial, the right to the assistance of counsel;

   C. to confront and cross-examine witnesses against him/her;

   D. not to be compelled to provide testimony that may incriminate the defendant; and

   E. the right to compulsory process for the attendance of witnesses to testify in the defendant's defense.

   The defendant acknowledges, understands and agrees that by pleading guilty he/she waives and gives up those rights and that if a plea of guilty is accepted by the Court, there will not be a further trial of any kind.

Acknowledgment and Waiver of Rights

The defendant acknowledges, understands and agrees that if he/she pleads guilty, the Court may ask him/her questions about the offense, and if the defendant answers those questions falsely under oath, on the record, and in the presence of counsel, the defendant's answers may later be used against the defendant in a prosecution for perjury or making false statements.

4. **Sentencing and Application of the Sentencing Guidelines**.

The defendant also acknowledges, understands and agrees that:

A. the Sentencing Reform Act of 1984 applies in this case;

B. the Court is required to consider the Sentencing Guidelines as advisory guidelines and may depart or deviate from those Guidelines under some circumstances; and

C. he/she has no right to withdraw his/her guilty plea if his/her sentence is other than he/she anticipated.

The defendant also acknowledges, understands and agrees that the United States and the United States Probation Office will:

A. advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

B. respond to questions from the Court;

C. correct any inaccuracies in the pre-sentence report;

D. respond to any statements made by the defendant or the defendant's counsel to a probation officer or to the Court; and

E. may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges, understands and agrees that any estimate of the probable sentence, or the probable sentencing range that he/she may have received from any source, is only a prediction and not a promise, and is not binding on the United States, the Probation Office, or the Court.

5. **Acceptance of Responsibility**.

The defendant also acknowledges, understands and agrees that he/she may be entitled to a reduction in his/her sentence based upon his/her prompt recognition and affirmative acceptance of responsibility for the offense(s).

The defendant also acknowledges, understands and agrees, however, that the United States may oppose such a reduction to the defendant's sentence if the defendant:

A. fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

B. challenges the United States's offer of proof at any time after the plea is entered;

C. denies involvement in the offense;

D. gives conflicting statements about that involvement or is untruthful with the Court, the United States or probation officer;

E. fails to give complete and accurate information about the defendant's financial status to the

Acknowledgment and Waiver of Rights

        Probation Office;

F.     obstructs or attempts to obstruct justice, prior to sentencing;

G.     fails to appear in court as required;

H.     attempts to withdraw the plea of guilty.

The defendant also acknowledges, understands and agrees that the Court is under no obligation to reduce the defendant's sentence if the Court finds that the defendant has not accepted responsibility.

6. **Acknowledgment of Guilt; Voluntariness of Plea**.

The defendant acknowledges, understands agrees that he/she is pleading guilty freely and voluntarily because he/she is guilty. The defendant further acknowledges, understands and agrees that he/she is pleading guilty without reliance upon any discussions between the United States and the defendant, without promise of benefit of any kind, and without threats, force, intimidation, or coercion of any kind.

The defendant further acknowledges his/her understanding of the nature of the offense(s) to which he/she is pleading guilty, including the penalties provided by law.

The defendant also acknowledges his/her complete satisfaction with the representation and advice received from his/her undersigned attorney.

## Acknowledgment of Defendant

I am pleading GUILTY because I am GUILTY. I understand the nature of the offense(s) to which I am pleading GUILTY and the penalties provided by law. I further understand the entire content of this form and I sign this form and enter my plea of GUILTY freely and voluntarily. I am not under the influence of drugs or alcohol. I acknowledge that all of the statements provided herein are true and voluntarily given.

Date: 3/11/19

Signature of Defendant

## Acknowledgment of Defendant's Counsel

As counsel for the defendant, I have thoroughly explained to the defendant all the above, including the nature of the charge(s), the elements of the offense that the government must prove beyond a reasonable doubt, and the maximum and minimum penalties. I believe the defendant fully understands the meaning of this Acknowledgment of Rights, that s/he is not under the influence of drugs or alcohol, and that s/he knowingly, intelligently and voluntarily waives all of her/his rights as set forth in this form.

Date: 3/11/2019

As Counsel for the Defendant

cc: Defendant
    U.S. Attorney
    U.S. Marshal
    U.S. Probation
    Defense Counsel

UNITED STATES OF AMERICA v. JESSICA TEIXEIRA

No. 1:18-cr-172-SM

**Statutes and Elements of Offenses**

**Count 1: Wire Fraud, 18 U.S.C. § 1343**

As to Count 1, charging Wire Fraud, Title 18, United States Code, Section 1343 provides, in pertinent part:

*Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire . . . communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.*

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

*First,* that there was a scheme, substantially as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses;

*Second,* that the scheme to defraud involved the misrepresentation or concealment of a material fact or matter, or the scheme to obtain money or property by means of false or fraudulent pretenses involved a false statement, assertion, half-truth or knowing concealment concerning a material fact or matter;

*Third,* that the defendant knowingly and willfully participated in this scheme with the intent to defraud; and

*Fourth,* that for the purpose of executing the scheme or in furtherance of the scheme, the defendant caused an interstate wire communication to be used, or it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, an interstate wire communication would be used, on or about the date alleged.

### Count 2: Money Laundering, 18 U.S.C. § 1957

As to Count 2, charging Money Laundering, Title 18, United States Code, Section 1957 provides, in pertinent part:

*Whoever, [in the United States], knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished . . . .*

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

*First,* that defendant deposited, withdrew, or exchanged funds over $10,000 in a financial institution affecting interstate commerce on the date specified;

*Second,* she knew that the money came from some kind of criminal offense;

*Third,* the money was in fact criminally derived from specified unlawful activity; and

*Fourth,* the specified unlawful activity took place in the United States.