Gov. Exhibit A

## Dronzek, Anna (USANH)

| | |
|---|---|
| **From:** | Dronzek, Anna (USANH) |
| **Sent:** | Monday, July 29, 2019 12:34 PM |
| **To:** | Jeff Levin; Davis, John (USANH); Sean Buckley |
| **Subject:** | RE: Jessica Teixeira |
| **Attachments:** | RE:  Jessica Teixeira...; 10-03-18 early production.pdf |

Good afternoon Jeff and Sean,

1.       The documentation for Peter Morgan's payments is at 18R115-00023.

2 & 3.    The 35 checks issued by Mulcahy to Teixera between December 26, 2015 and January 9, 2017, with amounts ranging from $1,750 to $40,000 and totaling $246,250, are at 18R115-00012-14.

This portion of the discovery was disclosed to Bjorn Lange as early production on October 3, 2018. I've attached a copy here for reference, as well as a copy of the e-mail sending the disclosure.

4.       The government disagrees that the loss amount should be limited only to items labeled "investments."  Ms. Teixeira used both "investment" and "loan" to describe the scheme to defraud Mr. Mulcahy (see para. 15 of the PSR, which quotes the terms of one of the agreements or contracts between Mr. Mulcahy and Ms. Teixeira, and which refers to Mr. Mulcahy's payment as a "personal loan"). His payments to her, whether labeled investment or loan, were all part of the same scheme, he understood them as going to the same series of investments, and they were all induced by fraud.  For the same reason, restitution should include the "personal loans" made as part of the same fraudulent investment scheme. *See also SEC v. SG Ltd.*, 265 F.3d 42, 46-48 (1st Cir. 2001) (emphasizing that determining whether an investment contract exists requires looking at "the economic realities of the transaction," rather relying on form or nomenclature used by the parties).

Sincerely,


**Anna Dronzek**
**Assistant United States Attorney**
**United States Attorney's Office | District of New Hampshire**
53 Pleasant Street | 4th Floor | Concord, NH 03301
Phone: (603) 230-2529
Email: anna.dronzek@usdoj.gov



*Please be advised that all emails sent to this address are archived and retained by the United States Department of Justice.*

---

**From:** Jeff Levin <Jeff_Levin@fd.org>
**Sent:** Sunday, July 28, 2019 1:10 PM
**To:** Davis, John (USANH) <JDavis6@usa.doj.gov>; Dronzek, Anna (USANH) <ADronzek@usa.doj.gov>; Sean Buckley

<Sean_Buckley@nhp.uscourts.gov>
**Subject:** Jessica Teixeira

July 28, 2019

Dear John, Anna & Sean,

In preparing for the Jessica Teixeira sentencing, Jessica and I reviewed discovery trying to find support for the loss amount and restitution figures represented at the plea hearing and in the PSR. We couldn't locate such support and we're hoping you can point us in the right direction or ask the agents to explain how they came up with those figures.

1.  We understand that Peter Morgan invested $50,000, comprised of two checks and a wire transfer. Can you please point out in discovery where the documentation for these payments resides? Also, is there any documentation about these payments, agreements etc.? I saw in his 302 where the agent asked him to provide it but couldn't find it in discovery.

2.  The PSR, at para. 17, references 35 checks issued by Mulcahy to Teixeira, between December 26, 2015 and January 9, 2017, with amounts invested ranging from a low of $1,750 to a high of $40,000, and the checks totaling $246,250.

    The agreements with Mulcahy are attached, and they show the following –

    02/25/16: Loan of $40,000 paid by personal check;
    06/13/16: Investment of $80,000 in which the prior loan of $40,000 is rolled over and added to other investments/loans and another $15,000 paid with three personal checks on 6/14/16;
    07/25/16: Investment of $95,000 in which all previous investments/loans of $85,000 including the two previously mentioned) are rolled over and another $10,000 is added by two personal checks on 07/02/16;
    08/28/16: Personal loan of $11,000 comprised of $8,000.00 in new checks (2644, 2646), a $2000 Louis Vuitton handbag, and $1000 in "accrued interest";
    08/28/16: Personal loan of $25,000 which seems to reincorporate by reference the $11,000 previously described in the other 8/28/16 acknowledgment along with new checks totaling $12,000 (3385, 3386, 3428);
    12/06/16: Personal loan of $5,000 comprised of $3250 "interest" and an additional check of $1750;
    12/22/16: Personal loan of $30,000 paid in 3 checks (2748, 2749, 2750);
    01/09/17: Investment/personal loan of $10,000 paid by check (2752).

    This adds up to $95,000 in investments, $56,750 in personal loans, and $10,000 which is characterized both as an investment and a personal loan. At most it shows $105,000 in investments, and $56, 750 in personal loans.

3.  In terms of Mulcahy checks, we didn't find 35 checks. Rather we were able to find the following 9 checks, copies of which are also attached:

    12/20/15: #2554, $15,000 / Memo: Invest
    01/06/16: #2580, $30,000 / Memo: Invest
    01/06/16: #2559, $5000 / Memo: Invest
    02/20/16: #2575, $40,000 / Memo: Investment
    03/01/16: #2580, $7500 / Memo: Invest
    04/01/16: #2593, $5000 / Memo: Deal
    04/15/16: #2598, $5000 / Invest #1
    12/23/16: #2750, $10,000 / Memo: Invest
    01/09/17: #2752, $10,000 / Memo: Invest

If you add all these up the total is $127, 500.00. If you subtract the amounts referenced in the agreements for which there no checks it comes out to $77,500 in additional "investments" not supported by checks. If you add that to the $105,000 in investments referenced in agreements it comes out to $182,500 in investments, supported either by agreements or checks. The remaining $56,750 is characterized as personal loans, which weren't referenced in the government's offer of proof or the PSR.

4.  We're wondering if the loss amount shouldn't be limited to the investments, and not include the personal loans, which weren't referenced at the change of plea or in the PSR.  Also, shouldn't restitution under the MVRA be limited to the money that was given to Ms. Teixeira as "investment" funds, and not include personal loans.

Sincerely,

/s/ Jeff Levin

Jeffrey S. Levin
Federal Defender Office
District of New Hampshire
Ralph Pill Marketplace
22 Bridge Street – Box 12
Concord, NH 03301
Tel. (603) 226-7360
Fax (603) 226-7358
Email: Jeff_Levin@fd.org