UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>13-20180-CR-ALTONAGA</u>

UNITED STATES OF AMERICA,

v.

ANDRE WOODSON,

        **Defendant.**

_____/

**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

The United States of America, by and through its undersigned Assistant United States Attorney, hereby files this supplemental response to defendant Andre Woodson's Motion for Compassionate Release (DE 385) to address the Court's request that the Government "indicat[e] its position on the statutory exhaustion requirement and explaining, if it disagrees with the cited decisions' analysis and its own position recently advanced in [*United States v*]. *Veroes*, [Case No. 19-20351-Cr], the basis for the disagreement." (DE 394).

As the Court and the Government have noted, Title 18, United States Code, Section 3582(c)(1)(A) permits a prisoner to bring a compassionate-release motion in a district court after satisfying one of two statutory methods of exhaustion: (1) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

In this case, the defendant appealed the Warden's denial of his request for compassionate release filed in April 2020 to the Regional Director and then to the BOP General Counsel, and received a final response from the BOP General Counsel on June 3, 2020, denying his request (DE

396-1). Given the final decision of the BOP General Counsel, it is undisputed that the defendant satisfied statutory exhaustion under the first method articulated above. *See* 28 C.F.R. § 542.15. However, the defendant also filed his Motion in this Court after 30 days had passed from his request for relief to the Warden. This, according to both the Government and the defense in this case, alternatively satisfied the statutory exhaustion under the second method, regardless of whether the Warden denied the request within 30 days. After the defendant filed the BOP General Counsel's final decision, this Court granted the defendant's motion for compassionate release but also asked the Government to respond with a further explanation of its position on statutory exhaustion (DE 401).

To respond to this Court's Order, the undersigned conferred with the U.S. Attorney Office's Collateral Litigation Unit Coordinator, as well as legal counsel for FCI Miami and FCI Coleman, and they have confirmed that the undersigned's interpretation of the 30-day lapse provision is the official position of the Department of Justice as well as the Bureau of Prisons: a defendant can file a motion for compassionate release in district court 30 days after requesting relief from the Warden, even if the Warden denies the relief within 30 days. In fact, the Bureau of Prison's website says as much: "[U]nder the FSA, an inmate may now file a motion for compassionate release directly with the sentencing court 30 days after making a request to the BOP or after exhausting their administrative remedies." *See* BOP website at https://www.bop.gov/inmates/fsa/faq.jsp#fsa_compassionate_release (under First Step Act: Frequently Asked Questions, Fed. Bureau of Prisons (accessed June 5, 2020)).

Nevertheless, as evinced by the Court's conclusion and the Government's position in *Veroes*, as well as the panoply of divergent court opinions nationwide, reasonable minds differ as

2

to how to interpret the language in the 30-day lapse provision of the statutory exhaustion requirement. Many courts have held that the "lapse of 30 days" requires only that 30 days have passed after the defendant's request for relief to the Warden, with no need for the inmate to appeal the Warden's denial even if received within 30 days.[1] But numerous other courts have concluded that if a Warden denies the inmate's request within 30 days, the defendant must then appeal the denial administratively all the way up the BOP General Counsel before filing a motion in district court.[2]

The source of the conflict is the ambiguity of the word "lapse." A lapse connotes "a passage of time," but also "a slight error typically due to forgetfulness or inattention," or "the termination of a right or privilege through neglect to exercise it within some limit of time." *Lapse*, Merriam-Webster.com Dictionary, Merriam-Webster (accessed June 5, 2020), available at

---

1 *See, e.g.*, *United States v. Laureti*, No. 16-60340-CR-Bloom, 2019 U.S. Dist. LEXIS 224110, *1, 2019 WL 7461687 (S.D. Fla. December 17, 2019); *United States v. Somerville*, No. 14-3428, 618 Fed. Appx. 69, 2020 WL 2781585, at *4-5 (W.D. Pa. May 29, 2020); *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *2 (N.D. Ohio May 22, 2020); *United States v. Haney*, No. 19-CR-541, 2020 U.S. Dist. LEXIS 63971, 2020 WL 1821988, at *3 (S.D.N.Y. Apr. 13, 2020); *United States v. Jenkins*, 99-cr-00439, 2020 WL 2466911, at *4 (D. Colo. May 8, 2020); *United States v. Amarrah*, No. 17-20464, 2020 WL 2220008, at *4 (E.D. Mich. May 7, 2020); *United States v. Ardila*, No. 3:03-cr-264, 2020 WL 2097736, at *1 (D. Conn. May 1, 2020); *United States v. Robinson*, 18-cr-00597, 2020 WL 1982872, at *2 (N.D. Cal. Apr. 27, 2020); *United States v. Spears*, 3:98-cr-0208, 2019 WL 5190877, at *1, *3 (D. Or. Oct. 15, 2019).

2 *See, e.g.*, *United States v. Peuser*, No. 8:17CR60, 2020 WL 2732088, at *1 (D. Neb. May 26, 2020); *United States v. Alejo*, No. CR 313-009-2, 2020 WL 969673 (S.D. Ga. Feb. 27, 2020); *United States v. Smith*, 2020 WL 2487277, at *6-9 (E.D. Ark. May 14, 2020); *United States v. Bolze*, 2020 WL 2521273, at *3 (E.D. Tenn. May 13, 2020); *United States v. Ng*, 2020 WL 2301202 (S.D.N.Y. May 8, 2020); *United States v. Miller*, 2020 WL 113349, at *2 (D. Id. Jan. 8, 2020); *United States v. Johnson*, No. 4:00-cr-40023, 2020 WL 1434367, at *2 (W.D. Ark. Mar. 24, 2020); *United States v. Nance*, 7:92CR00135, 2020 WL 114195, at *2 (W.D. Va. Jan. 10, 2020).

https://www.merriam-webster.com/dictionary/lapse. If the first definition applies, then the Warden's timely response is irrelevant – all that matters is whether 30 days have gone by. But if the second or third definitions are operative, then that bolsters the arguments of those who suggest that if the Warden responds within 30 days then there is no "lapse," with the result than an inmate is left with only the first method of exhaustion – appealing the Warden's denial to the regional director and then the BOP General Counsel.

Congress did not specify which definition of lapse was to be used. But the statutory framework that created the 30-day provision, combined with BOP's already existing administrative procedural deadlines at the time of the First Step Act's passage, strongly suggests that Congress intended – and the better interpretation of the provision is – that lapse simply means a passage of time in this context.

### 1. Statutory framework favoring accelerated adjudication

First, it should be noted that "§ 3582(c)(1)(A) does not contain an exhaustion requirement in the traditional sense. That is, the statute does not necessarily require the moving defendant to fully litigate his claim before the agency (i.e., the BOP) before bringing his petition to court." *United States v. Haney*, No. 19-CR-541, 2020 U.S. Dist. LEXIS 63971, 2020 WL 1821988, at *3 (S.D.N.Y. Apr. 13, 2020). If Congress had intended that an inmate go through all stages of the BOP appeal before judicial review, it would not have created any exception to the administrative exhaustion requirement. Instead, Congress's inclusion of a 30-day lapse provision not only creates an exception to plenary BOP exhaustion, it also functions as an accelerant to judicial review. *Id.* at *4. In other words, under the statutory framework, 30 days is the ceiling on how long the BOP process may take and the maximum duration an inmate has to wait before getting judicial review.

4

This is in keeping with Congressional intent of "expedit[ing] compassionate release applications" through the exhaustion framework of the First Step Act. *See* 164 Cong. Rec. S7774 (daily ed. Dec. 18, 2018): "The 30-day lapse provision ensures that requests for sentence modifications are timely addressed by the Court. If a Warden's response renders the 30-day lapse provision inoperative, a Warden's timely denial could cause a defendant to wait months before filing his or her motion." *United States v. Hardin*, No. 19-CR-240, 2020 U.S. Dist. LEXIS 90855, *4 (N.D.Ohio May 21, 2020). Indeed, "[t]his delay is the very thing the 30-day lapse provision is seemingly meant to avoid," which is why a district should be able to "consider a defendant's motion after the lapse of 30 days from the warden's receipt of a defendant's request." *Id*.

### 2. BOP Regulations on Administrative Response Deadlines

Moreover, BOP regulations already in place before the First Step Act's enactment required a Warden to respond within *20 days* to an inmate's request for sentence reduction:

> Once filed, response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days. If the Request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing. If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.

28 C.F.R. § 542.18. As the regulations above indicate, if the Warden does not explicitly respond to a compassionate release request within 20 days, BOP considers this to be a denial. Accordingly, when Congress was crafting the 30-day lapse provision, 20 days was the ordinary deadline for a Warden's response and 3 days was the deadline if there was an immediate threat to the inmate's

5

health. This suggests two things. First, since the purpose of the First Step Act was to expedite, not further delay, compassionate release applications, the statute should not be interpreted as elongating the Warden's response time to beyond the existing regulatory deadlines. Congress could not have been worried about an inmate's request languishing or lapsing at the Warden level for more than 30 days because under BOP regulations the Warden already had to respond within 20 days; a lack of response within that time would be tantamount to a denial.

Much more likely, Congress was concerned about the overall response time by BOP, which under its regulations allows for up to 90 days (assuming no extensions) to respond at all three levels of review. This leads to the second conclusion from analyzing the exhaustion requirements in light of the BOP regulations: the 30-day lapse provision should be read as being the total time that the BOP as a whole, not just the Warden, has to respond before an inmate files in district court. Neither the text of the statute nor the Congressional record suggests that the statute was meant to elevate an explicit denial by the Warden within 30 days as requiring full administrative exhaustion. "Nothing in the statutory text limits the 30-day, fast-track option to circumstances in which the Warden has failed to respond—the clock runs from the Warden's 'receipt' of the request. And nothing requires the prisoner to appeal a denial from the Warden if more than 30 days has elapsed." *United States v. Somerville*, No. 14-3428, 618 Fed. Appx. 69, 2020 U.S. Dist. LEXIS 93935, *10-11 (W.D.Pa. May 29, 2020).

6

In short, the Court should "decline to read additional requirements into the statute that aren't there." *Id. See also Hardin*, 2020 U.S. Dist. LEXIS 90855, *4 ("The language of § 3582(c)(1)(A) does not specify that the 30-day lapse provision applies only if the Warden fails to respond.")

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: s/ Michael Thakur
MICHAEL THAKUR
ASSISTANT UNITED STATES ATTORNEY
Court No. A5501474/Florida Bar No. 1011456
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9361
Fax: (305) 530-7976
Email: Michael.Thakur@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 5, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.