UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                                                 Case No. 18-cr-172-1-SM
                                                                                 Opinion No. 2020 DNH 162

<u>Jessica M. Teixeira</u>

**<u>ORDER</u>**

Defendant's motion for "compassionate release" from incarceration under the First Step Act, 18 U.S.C. § 3582(a)(1)(A), given the COVID-19 pandemic, is properly before the court as defendant has exhausted available administrative remedies.  Doc. No. 40.

The burden is on defendant to show that she is entitled to relief, that is 1) that extraordinary and compelling reasons warrant a reduction in her sentence, and 2) such a reduction would be consistent with the sentencing factors set out in 18 U.S.C. § 3553(e) as well as Sentencing Commission Policies (though that is not strictly required under the First Step Act).

Here, the government concedes that defendant's medical conditions place her in a high-risk category should she contract COVID-19, and that defendant has met her burden to show

1

"extraordinary and compelling" reasons warranting sentence reduction.  But, says the government, the sentencing factors weigh heavily against defendant's early release, particularly the danger defendant poses to the community.  See 18 U.S.C. § 3142(g); USSG § 1B1.13(2).

As of September 15, 2020, no staff member, and only two inmates are positive for the virus as reported on the Bureau of Prisons website (www.bop.gov/coronavirus), and risk management procedures appear to be both extensive and, recently, largely successful in controlling the spread of the virus.  The current risk of contracting the virus is low.  And, defendant's history strongly militates against release.

Defendant was convicted of wire fraud in violation of 18 U.S.C. § 1343, and money laundering in violation of 18 U.S.C. § 1957, has served just less than half of her bottom of the range sentence to 41 months in prison.  Her offenses were serious – defrauding innocent victims of approximately $300,000 – and her likelihood of recidivism can fairly be described as high. Defendant has not met her burden to show that she no longer poses a danger to the safety of the community.  In addition, defendant's early release would, under these circumstances, be inconsistent with the sentencing goals of promoting respect for

the law, imposing a just punishment, protecting the public, and providing for both general and, particularly, specific deterrence.  18 U.S.C. § 3553(a).

### Conclusion

Given the current low risk of community spread of the virus in the facility, the danger to public safety defendant would pose if released, the sentencing factors militating against defendant's early release, and for the reasons given in the government's memorandum in opposition, the motion for compassionate release under the First Step Act is hereby denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 16, 2020

cc:   Anna Dronzek, AUSA
      John S. Davis, AUSA
      Jeffrey S. Levin, Esq.
      U.S. Probation
      U.S. Marshal